**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Industrial Packaging Supplies, Inc., ) | Civil Action No. 6:18-cv-00651-TMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF SPECIAL MASTER** |
| Geordy Davison, John England, Stephen ) | |
| Schroeder, Cory Perry, Quinn Davidson, ) | |
| Michael Schmitt, Jason Nettles, DBE ) | |
| Solutions, LLC and Axis Packaging, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pursuant to the order of the Honorable Timothy M. Cain (Dkt 87), the undersigned was appointed "to oversee discovery and discovery disputes" in this matter. On September 25, 2018, Defendant Axis Packaging, LLC, ("Axis") moved for a protective order regarding a Notice of Deposition of its corporate officer pursuant to Fed. R. Civ. P. 30(b) (6). By Text Order (Dkt 117), Judge Cain referred the pending motion to the undersigned for decision.

Axis filed a Memorandum in Support of its motion and Plaintiff filed a response via e-mail. A telephone conference was held on September 26, 2018, at which no court reporter was requested by either party. After hearing argument from counsel for both parties, the undersigned issued a decision that Axis' motion be granted. This written report and recommendation follows.

**BACKGROUND**

On March 8, 2018, Industrial Packaging Supplies, Inc. (Plaintiff or IPS) brought suit against Geordy Davidson, John England, Stephen Schroeder, Cory Perry, Quinn Davidson, Michael Schmitt, Jason Nettles, (individual Defendants) DBE Solutions, LLC and Axis Packaging,

LLC.[1]   Plaintiff is a South Carolina corporation which claims that the individual Defendants, all of whom were formerly employed by Plaintiff, have violated certain employment-related agreements with Plaintiff.  Plaintiff alleges these violations include solicitation of Plaintiff's present and prospective customers, sharing of trade secret and confidential information, unauthorized use of customer lists, unauthorized solicitation of Plaintiff's employees, along with use of confidential corporate information.  Plaintiff's complaint contains the following causes of action against some or all of the Defendants: Violation of the Defend Trade Secrets Act (18 U.S.C. § 1836, *et. seq.*), violation of the South Carolina Trade Secrets Act) § 39-8-10, South Carolina Code, *et. seq.*, breach of contract, tortious interference with contract, breach of the duty of loyalty, misappropriation of corporate opportunity, breach of fiduciary duty, conversion, unjust enrichment, and for an accounting.

## DISCUSSION

Plaintiff's Notice of Deposition to Axis consists of 17 topics.  The parties were able to resolve Axis' objections to all topics except number five.

> **5. Axis's [sic] ownership and organizational structure, including all personnel, employees, agents or contractors, from January 1, 2017 to present.**
>
> **OBJECTION: Axis objects to the ownership and organizational structure of the entity as irrelevant to any issues in this case and not proportionate to the needs of this case.  IPS has presented no allegations or produced any evidence suggesting piercing the corporate veil of Axis is necessary or appropriate therefore the ownership structure has no bearing on the discovery responses of Axis or the merits of the case.**

---

[1] On August 10, 2018, Plaintiff filed an Amended Complaint adding as Defendants: Christina Davidson, Davidson Brothers Equity, LLC, Strapping Products, Inc. and Viking Packaging, LLC.  Neither the Amended Complaint nor the additional Defendants are involved in Plaintiff's motion.

In its supporting memorandum (Dkt #116), Axis contends that information regarding its ownership and organizational structure is irrelevant to any issue in this case. Axis does not, however, object to providing information regarding its personnel, employees, agents or contractors for the time period January 1, 2017, to present. Axis previously advised Plaintiff that there is a new 10% equity owner of the company. During the phone conference Axis' counsel advised that the 10% owner has/had no relationship to the Plaintiff and is under no requirement of confidentiality, such as that alleged in Plaintiff's Complaint. Axis claims the identity of the 10% owner is therefore irrelevant.

Counsel for the Plaintiff argues that the ownership of Axis is relevant. It is Plaintiff's position that the various defendants have orchestrated corporate "shell games" in order to circumvent their obligations to the Plaintiff pursuant to their employment agreements. Plaintiff argues that the Defendants' actions require the disclosure of Axis' shareholders identity.

## **RECOMMENDATION**

Defendant's motion should be granted. Discovery has just begun in this matter. Despite Plaintiff's theory regarding Defendants' misuse of corporate formalities, it has presented no evidence leading to the conclusion that such corporate formalities should be disregarded at this stage. The South Carolina Supreme Court recently reaffirmed that a corporation is a creature of law, often formed for the purpose of shielding shareholders from individual liabilities, *Pertuis v Front Roe Restaurants, Inc., et. al.* (Op No. 27823, July 5, 2018). The Court noted that "if any general rule can be laid down, it is that a corporation will be looked upon as a legal entity until sufficient reason to the contrary appears . . ." *Drury Dev. Corp. v Found Ins. Co.*, 380 S.C.97, 101, 668 S.E.2d 798, 800(2008) (internal citation omitted).

A limited liability company is a recognized form of corporate entity in South Carolina. It is a private entity. It is not publicly traded. As a private entity, it is under no obligation to disclose the identity of its shareholders unless and until a Court has sufficient reason to disregard the corporate being. The mere allegation that a corporation has engaged in malfeasance should not *ipso facto* lead to the disclosure of the identity of that corporation's shareholders.

        Respectfully submitted,

        ROE CASSIDY COATES & PRICE, P.A.

        s/ William A. Coates
        William A. Coates (Fed. ID No. 183)
        ROE CASSIDY COATES & PRICE, P.A.
        1052 North Church Street (29601)
        P.O. Box 10529
        Greenville, South Carolina 29603
        (864) 349-2600 (phone) / (864) 349-0303 (fax)
        wac@roecassidy.com
        ***Special Master***

Greenville, South Carolina

October 4, 2018