IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Industrial Packaging Supplies, Inc., | ) | |
| | ) | C/A No. 6:18-0651-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Geordy Davidson, John England, | ) | |
| Stephen Schroeder, Cory Perry, | ) | |
| Quinn Davidson, Michael Schmitt, | ) | |
| Jason Nettles, DBE Solutions, LLC, and | ) | |
| Axis Packaging, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the Motion to Compel and for the Entry of a Forensic Protocol filed by Plaintiff Industrial Packaging Supplies, Inc. ("IPS"). (ECF No. 72). IPS and Defendants Geordy Davidson, John England, DBE Solutions, LLC, Axis Packaging, LLC, Davidson Brothers Equity, LLC, and Viking Packaging, LLC, consented to a protocol for discovery. (ECF No. 184). However, Defendants Stephen Schroeder, Cory Perry, Quinn Davidson, and Michael Schmitt ("Remaining Defendants") did not consent. (ECF No. 176 at 1 n.1).[1]

On July 31, 2018, the court granted the parties' Consent Motion to Appoint a Special Master pursuant to Fed. R. Civ. P. 53 to oversee discovery and discovery disputes in this action, including the instant motion (ECF No. 83). (ECF No. 87 at 1). The parties informed the Special Master that, in regard to this motion, that only the issue of the forensics protocol remains. (ECF No. 186 at 3 n.2). On January 28, 2019, counsel submitted brief position papers to the Special

---

[1]The court notes that in their Response to the Motion to Compel and for a Forensics Protocol, the Remaining Defendants addressed only the Motion to Compel and not the Motion for a Forensics Protocol. (ECF No. 84). However, the Remaining Defendants have not consented to the Motion for a Forensics Protocol and have set forth their opposition in other filings with the court, including Objections to the Report. (ECF Nos. 176 at 1 n.1; 188 at1; 190 at 2).

Master as to this remaining issue. (ECF Nos. 188, 189).[2] On January 30, 2019, the Special Master filed a Report and Recommendation ("Report") recommending that the court grant IPS's Motion to Compel and for the Entry of a Forensic Protocol (ECF No. 72) as set forth in the Report. (ECF No. 186). On February 5, 2019, the Remaining Defendants filed Objections. (ECF No. 190). On February 13, 2019, IPS filed its Response to the Remaining Defendants' Objections. (ECF No. 191). The matter is now ripe for resolution.

## I. Standard of Review

Federal Rule of Civil Procedure 53(f) provides:

> **(3) Reviewing Factual Findings.** The court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that:
>
> > **(A)** the findings will be reviewed for clear error; or
> >
> > **(B)** the findings of a master appointed under Rule 53(a)(1)(A) or (C) will be final.
>
> **(4) Reviewing Legal Conclusions.** The court must decide de novo all objections to conclusions of law made or recommended by a master.
>
> **(5) Reviewing Procedural Matters.** Unless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion.

Fed. R. Civ. P. 53(f)(3)-(5)(emphasis in original).

## II. Background

IPS is a distributor of packaging supplies, equipment, and services. (ECF No. 91 at 2). Defendant DBE Solutions, LLC, ("DBE"), which was established on April 17, 2017, and Defendant Axis Packaging, LLC, ("Axis"), which was established October 11, 2017, are also

---

[2] Because these support papers were not filed with the court, the court ordered that the attorneys file them to enable the court to conduct a full review of the Report. (ECF No. 187).

alleged to be in the packaging industry. *Id.* at 2. Both Axis and DBE were formed by, among others, Defendants Geordy Davidson and England, former sales executives for IPS. *Id.* at 10. Davidson is president of Axis, and England is the General Manager at Axis. *Id.* Geordy, Davidson, and England signed non-disclosure, non-solicitation and non-compete agreements (collectively "Agreements") while working for IPS. *Id.* at 11. The Remaining Defendants are all former IPS employees who worked for IPS in Greenville, and they also signed Agreements while working for IPS. *Id.* at 2, 4. IPS contends that these Defendants were also subsequently employed by DBE. *Id.* In its Amended Complaint, IPS alleges various claims based on its contention that Defendants violated their Agreements and misappropriated confidential, proprietary, and trade secret information. *Id.* at 41-63. IPS seeks, inter alia, a permanent injunction and damages. *Id.* at 64-68.

### III. Discussion

IPS has filed a motion seeking an order requiring Defendants to submit to a forensics protocol. (ECF No. 72). IPS has submitted an affidavit from James Scarazzo, a forensic examiner, in which he avers that after examining certain electronic files and devices in IPS's possession, it is his belief that some documents, presentations, files, and drawings were transferred by Defendants to external devices that are under Defendants' control. (ECF Nos. 8-2, 189-1). IPS seeks a forensics protocol requiring the Remaining Defendants to identify all computers, smart phones, external hard drives, servers, cloud or other electronic storage devices, and email accounts that could potentially contain IPS's confidential or proprietary information: (1) which is the subject of this litigation, and (2) to which defendants have had access, possession, or control over from January 1, 2016, to the present. (ECF No. 186-1 at 4). Under the forensics protocol, the Remaining Defendants would make such devices available for data preservation, and each Defendant would be allowed to have a representative present when the

data from the devices is preserved. *Id.* at 5-6. The protocol further provides that the search terms utilized must be either agreed upon by the parties, or, if the parties cannot agree, approved by the court. *Id.* at 8. Defendants have an opportunity to object to the production of identified documents, and any documents produced will be presumed confidential pursuant to the current protective order (ECF No. 63). (ECF No. 186-1 at 9).

The Remaining Defendants claim that they have searched for the requested information and found none. (ECF No. 190 at 5-6). Further, they contend that the proposed forensics protocol is intrusive and violates their privacy and IPS could obtain the information through other means, especially now that the other Defendants have consented to the forensics protocol. *Id.* 1, 6-7.

The parties informed the Special Master that the only issue remaining was whether the Remaining Defendants should be subject to the same forensics protocol. (ECF No. 186 at 3 & n. 2). The Special Master found that provisions of the protocol limit the search and considerably lessen the intrusiveness of any search conducted and the Remaining Defendants would have input into the search terms and the ability to object to the production of material. *Id.* at 5. Additionally, the Special Master noted that the costs of the searches will not be paid by the Remaining Defendants. *Id.* Thus, the Special Master concluded that the Remaining Defendants should be required to participate in the forensics protocol, as set forth in the Report, with several additional limitations: (1) "The search terms utilized [must] be narrowly tailored so as to exclude unrelated material"; (2) "Any dispute as to search terms [is] to be resolved in favor of exclusion rather than inclusion"; and (3) "The search related to defendants Perry and Schmitt end as of the date each ended any employment with the defendants." *Id.* at 5-6.

In their objections, the Remaining Defendants contend that the Special Master erred in not evaluating whether IPS has shown a need for the forensics protocol and by not determining

whether IPS can obtain the information by other less intrusive means. (ECF No. 190 at 1-2). The Remaining Defendants note that they have averred in declarations that they have searched their devices and electronic storage accounts to determine if any confidential information or trade secret belonging to IPS is in their possession, and that none has been located (ECF Nos. 32-1; 32-2; 32-3; 38-1). (ECF No. 190 at 5).[3] The Remaining Defendants argue that the court should not adopt the Report because the Special Master did not consider whether IPS made a prima facie showing that the forensics protocol is warranted by the circumstances or whether the information may be sought by less obtrusive means, and the Special Master did not balance the Remaining Defendants' privacy rights against IPS's discovery rights. (ECF 190 at 2).

In response to the Remaining Defendants' objections, IPS argues that the court should adopt the Special Master's Report and require the Remaining Defendants to participate in the forensics protocol, which would enable IPS to determine "the full nature and extent of their unlawful activities and identify all Confidential Information or Trade Secrets of IPS they have misappropriated." (ECF No. 191 at 2). IPS does not object to the additional limitations that the Special Master has included, and, in fact, argues that these additional limitations further reduce the risk of the forensics protocol invading the Remaining Defendants' privacy. *Id.* at 8.

In regard to the scope of discovery, Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[3]These declarations were declared as true and correct to the best of the declarant's knowledge, information, and belief, under penalty of perjury pursuant to 28 U.S.C. § 1746(2). (ECF Nos. 32-1 at 1; 32-2 at 1; 32-3 at 1; 38-1 at 1).

Fed. R. Civ. P. 26(b).[4] The discovery of electronically stored information is specifically addressed by Fed. R. Civ. P. 34(a), which provides that a party may request another party to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). However, as recognized by the advisory committee's notes to Rule 34, "[i]nspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy." Fed. R. Civ. P. 34 advisory committee's notes (2006).

Reviewing the proposed forensics protocol, as set out in the Report (ECF No. 186-1), the court finds that it is necessary for IPS to obtain discovery regarding nonprivileged matter that is relevant to its claims and proportional to the needs of the case. Additionally, the court concludes that the proposed forensics protocol is limited so as to reduce the invasion of the Remaining Defendants' privacy. For example, the proposed forensics protocol applies only to electronic devices and accounts identified by the Defendants as potentially containing IPS's proprietary information or as being responsive to IPS's discovery requests; the search terms are to be agreed

---

[4] Before the 2015 amendments, Rule 26(b)(1) also provided that inadmissible evidence was discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence." This phrase was eliminated by the 2015 amendments and replaced with: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). In regard to this amendment, the Advisory Committee stated the following:

> The former provision for discovery of relevant but inadmissible information that appears "reasonably calculated to lead to the discovery of admissible evidence" is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the "reasonably calculated" phrase to define the scope of discovery "might swallow any other limitation on the scope of discovery." The 2000 amendments sought to prevent such misuse by adding the word "relevant" at the beginning of the sentence, making clear that "relevant" means within the scope of discovery as defined in this subdivision . . . ." The "reasonably calculated" phrase has continued to create problems, however, and is removed by these amendments.

Rule 26 advisory committee's notes (2015).

upon; the mobile devices are to be returned within three hours; and the data preservation is to be scheduled and carried out in a manner to cause the least disruption to Defendants. *Id.* at 3-4, 6, 7, 8.  Moreover, the additional limitations set out by the Special Master (ECF No. 186 at 5-6) further reduce the risks of invading the Remaining Defendants' privacy.  Therefore, the court overrules the Remaining Defendants' objections (ECF No. 190) and adopts the Report (ECF No. 186).  Accordingly, the court grants IPS's motion for a forensics protocol (ECF No. 72).

### IV.  Conclusion

As it appears that the parties have resolved the Motion to Compel, the court finds IPS's Motion to Compel is moot.  Further, based on the foregoing, the court grants IPS's motion to the extent it seeks a forensics protocol.  Accordingly, IPS's Motion to Compel and for a Forensics Protocol (ECF No. 72) is **GRANTED in part and DENIED in part, as moot**. The parties are to submit a joint proposed order setting forth a forensics protocol, which includes the additional limitations set out by the Special Master,  by March 1, 2019.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 22, 2019
Anderson, South Carolina